(65 Misc. Rep. 320.)

O'ROURKE ENGINEERING CONST. CO. v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.　December, 1909.)

MUNICIPAL CORPORATIONS (§ 328*)—POWER OF SURETY TO CONTRACT ON BEHALF OF PRINCIPAL.

A company, with two sureties, contracted to erect a building for a city, in the course of the work conditions arose not contemplated by the contract, and which the company was not bound to confront. A city officer was authorized by the city to make a supplemental contract with the company to do the extra work; but the contract was not consented to or executed by the company. The sureties were required to complete the original work under the original contract, declared by the city to be abandoned. *Held*, that the sureties could not contract in behalf of their principal for the additional work, so as to be within the authority granted to the city officer by the board of aldermen.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 328.*]

Action by the O'Rourke Engineering Construction Company against the City of New York.　Judgment for defendant.

Kellogg & Rose (L. Laflin Kellogg and Franklin Nevins, of counsel), for plaintiff.

Francis K. Pendleton, Corp. Counsel (R. Percy Chittenden and John F. Collins, of counsel), for defendant.

MacLEAN, J.　The plaintiff, as assignee, sues to recover the sum of $50,000 agreed by the defendant to be paid to its assignors, the Metropolitan and People's Surety Companies, for work performed by them under contract with the defendant, "in which they agreed to do certain work towards the erection of the new Municipal Lodging House, in the borough of Manhattan, situated on the east side of First avenue and the south side of Twenty-Fifth street, and approximately 400 feet east of First avenue, the city of New York, including the complete boiler pit, caisson work, and new foundations, the examination, testing, repairing, and strengthening of the present foundations, all labor and materials required for the additional work resulting from the unstable character of the soil, and any and all work not included in the original contract between the city of New York and the Church Construction Company," for so its complaint declares. It appears that the Church Construction Company, with the aforesaid surety companies as its bondsmen, had theretofore contracted with the defendant to erect said lodging house, and, meeting in the progress of its work a situation not contemplated by that contract, and which it was not obligated thereby to confront, the commissioner of public charities, unable to make a contract with any one for additional work therefor without public letting, because it would involve the expenditure of more than $1,000, applied to the board of aldermen, pursuant to section 419 of the charter, for the requisite authority, and was subsequently authorized by resolution of said board "to execute a supplemental contract with the Church Construction Company for construction of additional foundation in the form of a steel pneumatic

caisson under the new Municipal Lodging House on the south side of Twenty-Fifth street, near the East river, without public letting, and calling for a total expenditure of not more than fifty thousand dollars."

Such a contract was never assented to or executed by the Church Construction Company, and therefore it never became operative as a contract supplemental to the original contract; nor did it become so by any execution on the part of its bondsmen on the original contract, by the terms, and only by the terms, of which their principal was primarily, and they only eventually, bound. That the bondsmen might be, even were, called upon to complete the work called for by the original contract, declared by the defendant to have been abandoned by the default of the Church Construction Company, these bondsmen. surety companies, did not thereby become vested with all the powers of their principal, so as, or as intended, to contract supplementally on its behalf for the additional work in controversy, or as within the purview of the specific and distinct resolution of the board of aldermen authorizing the commissioner of public charities—his sole authority thereto —"to execute a supplemental contract with the Church Construction Company for construction of additional foundation" not within the provisions of the original contract with that company. The parties having moved herein for the direction of a verdict, and thereafter agreed that the jury be excused, and that the court have power to direct the judgment, judgment is directed and rendered for the defendant, which may be settled on notice.

Judgment for defendant.